**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No.: 1:17-20001-CIV-MARTINEZ-GOODMAN

YAZAN SALEH, individually and on behalf
of all others similarly situated,
*Plaintiff,*

v.

MIAMI GARDENS SQUARE ONE, INC.
D/B/A TOOTSIE'S CABARET,
a Florida corporation, and RCI
HOSPITALITY HOLDINGS, INC., a Texas
Corporation,
*Defendants,*
_____/
MIAMI GARDENS SQUARE ONE, INC.
D/B/A TOOTSIE'S CABARET,
a Florida corporation, and RCI
HOSPITALITY HOLDINGS, INC., a Texas
Corporation,
*Defendants/Counter-Plaintiffs*,

v.

SVCLV, LLC, an Idaho Limited Liability
Company, and FREEDOMPAY INC., a
Pennsylvania Corporation,
*Counter-Defendants.*

**DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S**
**MOTION TO DISMISS, PURSUANT TO FRCP 12(b)(1),**
**FOR LACK OF SUBJECT MATTER JURISDICTION AND**
**MOTION TO STAY WITH INCORPORATED MEMORANDUM OF LAW**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS AND PROCEDURAL HISTORY ........................................................................... 2

ARGUMENT ......................................................................................................................... 3

   I.   BECAUSE PLAINTIFF DOES NOT ALLEGE ANY CONCRETE INJURY IN
       FACT AND MERELY ALLEGES A BARE PROCEDURAL VIOLATION,
       PLAINTIFF LACKS ARTICLE III STANDING ........................................................... 3

   A.   THE INJURY-IN-FACT REQUIREMENT .................................................................... 4

   B.   PLAINTIFF FAILS TO ALLEGE THAT THE PRINTING OF THE FIRST
       SIX DIGITS OF HIS CREDIT CARD NUMBER ON THE RECEIPT
       CAUSED HIM ANY INJURY IN FACT .......................................................................... 5

     1.  Both Plaintiff's Allegations and Decisions Post-*Spokeo* Addressing This Precise Issue
        Support Dismissal of Plaintiff's Complaint ...................................................................... 5

     2.  Eleventh Circuit Authority Compels Dismissal of Plaintiff's Complaint ...................... 10

     3.  The Clarification Act to FACTA Supports Dismissal of the Complaint .......................... 13

     4.  Decisions Involving Similar Allegations of an Elevated Risk of Identity Theft
        Without Actual Harm Support Dismissal Due to Lack of Standing ................................. 14

  II.   DISCOVERY SHOULD BE STAYED PENDING RESOLUTION
        OF THIS MOTION .......................................................................................................... 15

CONCLUSION ...................................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Abercrombie v. Rogers, Carter, & Payne, LLC,*
  No. 15-2214, 2016 WL 8201965 (W.D. La. Nov. 22, 2016) .................................................... 13

*Altman v. White House Black Market, Inc.,*
  No. 1:15–cv–02451–SCJ, 2016 WL 3946780 (N.D. Ga. Jul. 13, 2016) ....................... 12 n.7, 13

*Am. Civil Liberties Union of Fla., Inc. v. Dixie Cty., Fla.,*
  690 F.3d 1244 (11th Cir. 2012) .................................................................................................... 3

*Bouton v. Ocean Properties, Ltd.,*
  201 F. Supp. 3d 1341 (S.D. Fla. 2016) .............................................................................. 12 n.7

*Braitberg v. Charter Commc'ns, Inc.,*
  836 F.3d 925 (8th Cir. 2016) ......................................................................................... 10 n.5, 12

*Case v. Miami Beach Healthcare Grp., Ltd.,*
  166 F. Supp. 3d 1315 (S.D. Fla. 2016) ..................................................................................... 14

*Chudasama v. Mazda Motor Corp.,*
  123 F.3d 1353, 1368 (11th Cir. 1997) ...................................................................................... 16

*Church v. Accretive Health, Inc.,*
  654 F. App'x 990 (11th Cir. 2016) ............................................................................................ 12

*Clapper v. Amnesty Int'l USA,*
  133 S. Ct. 1138 (2013) ..................................................................................................... 4, 14, 15

*Cruper-Weinmann v. Paris Baguette Am., Inc.,*
  2017 WL 398657 (S.D.N.Y. Jan. 30, 2017), *aff'd sub nom. Crupar-Weinmann v. Paris
  Baguette Am., Inc.,* 861 F.3d 76 (2d Cir. 2017) ................................................................. 7, 9

*Flaum v. Doctor's Assocs., Inc.,*
  204 F. Supp. 3d 1337 (S.D. Fla. 2016), *motion to certify appeal denied,* No. 16-61198-CIV,
  2016 WL 8677304 (S.D. Fla. Oct. 27, 2016) ..................................................................... 12 n.7

*Guarisma v. Microsoft, Corp.,*
  209 F. Supp. 3d 1261 (S.D. Fla. 2016) ..................................................................... 11, 12, 13

*Hammer v. Sam's E, Inc.,*
  754 F.3d 492 (8th Cir. 2014) ............................................................................................. 11, 12

*Hancock v. Urban Outfitters, Inc.,*
  830 F.3d 511 (D.C. Cir. 2016) ........................................................................................... 10 n.5

*Harris v. Wal-Mart Stores Inc.,*
   No. 07 C 02561, 2008 WL 5085132 (N.D. Ill. Nov. 25, 2008) ................................. 13

*Hendrick v. Aramark Corp.,*
   No. 16-4069, 2017 WL 1397241 (E.D. Pa. Apr. 18, 2017) ........................................ 6

*In re Toys "R" Us - Delaware, Inc. - Fair & Accurate Credit Transactions Act (FACTA) Litig.,*
   No. MDL 08-01980 MMM (FMOx), 2010 WL 5071073 (C.D. Cal. Aug. 17, 2010) ................ 8

*Kamal v. J. Crew Grp., Inc.,*
   No. 2:15-0190 (WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016) ........................................ 5, 6

*Kamal v. J. Crew Grp., Inc.,*
   No. 2:15–0190 (WJM), 2017 WL 2587617 (D.N.J. June 14, 2017)...................................... 6, 13

*Katz v. Donna Karan Int'l, Inc.,*
   No. 14 Civ. 740 (PAC), 2017 WL 2191605 (S.D.N.Y. May 17, 2017)............................. 5, 7, 8

*Lee v. Verizon Commc'ns, Inc.,*
   837 F.3d 523 (5th Cir. 2016), *cert. denied sub nom. Pundt v. Verizon Commc'ns, Inc.,*
   137 S. Ct. 1374, 197 L. Ed. 2d 568 (2017) ...................................................... 10 n.5

*Llewellyn v. AZ Compassionate Care Inc.,*
   2017 WL 1437632 (D. Ariz. Apr. 24, 2017)................................................... 6, 11 n.6

*Lujan v. Defs. of Wildlife,*
   504 U.S. 555 (1992) ........................................................................... 3, 4

*Lyshe v. Levy,*
   854 F.3d 855 (6th Cir. 2017)..................................................................... 13

*McCabe v. Foley,*
   233 F.R.D. 683 (M.D. Fla 2006) ................................................................. 16

*Meyers v. Nicolet Rest. of De Pere, LLC,*
   843 F.3d 724 (7th Cir. 2016), *cert. denied,* No. 16-1113, 2017 WL 1001378 (U.S. June 19,
   2017) ................................................................................. 3, 9, 12 n.8, 13

*Nankivil v. Lockheed Martin Corp.,*
   216 F.R.D. 689 (M.D. Fla.), *aff'd,* 87 F. App'x 713 (11th Cir. 2003) ....................... 16

*Nicklaw v. Citimortgage, Inc.,*
   839 F.3d 998 (11th Cir. 2016), *denying rehearing en banc,*
   855 F.3d 1265 (11th Cir. 2017)................................................. 4, 10, 11, 13

*Noble v. Nevada Checker CAB Corp.,*
   No. 2:15-cv-02322-RCJ-VCF, 2016 WL 4432685 (D. Nev. Aug. 19, 2016).................... 6, 7, 8

*Pierce v. State Farm,*
   No.: 14-22691-CIV-WILLIAMS, 2014 WL 12528362 (S.D. Fla. Dec. 10, 2014).................. 16

*Raines v. Byrd,*
   521 U.S. 811 (1997) ........................................................................................................ 3, 4

*Spokeo, Inc. v. Robins,*
   136 S. Ct. 1540 (2016) ...................................................................................................*Passim*

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83, 94-98 (1998)................................................................................................... 15

*Stelmachers v. Verifone Sys., Inc.,*
   No. 5:14-cv-04912-EJD, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016) ................................. 5

*Strubel v. Comenity Bank,*
   842 F.3d 181 (2d Cir. 2016)...................................................................................... 7, 10 n.5

*Thompson v. Rally House of Kansas City, Inc.,*
   No. 15–00886–CV–W–GAF, 2016 WL 8136658 (W.D. Mo. Oct. 6, 2016)......................... 5, 7

*Torres v. Wendy's Co.,*
   195 F. Supp. 3d 1278 (M.D. Fla. 2016) .............................................................................. 15

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,*
   454 U.S. 464 (1982) ............................................................................................................ 4

*Varga v. Palm Beach Capital Mgmt., LLC,*
   No. 09-82398-CIV, 2010 WL 8510622 (S.D. Fla. Sept. 3, 2010) ........................................ 16

*Wood v. J Choo USA, Inc*.,
   201 F. Supp. 3d 1332 (S.D. Fla. 2016)..................................................................... 11, 12, 13

*Zia v. Citimortgage,*
   210 F. Supp. 3d 1334 (S.D. Fla. 2016)........................................................................ 12, 13

## **Statutes**

Clarification Act of 2007 Pub. L. 110–241.................................................................................. 13

## **Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................................ 1, 2

Fed. R. Civ. P. 26(c) ................................................................................................................. 1

**COMES NOW,** the Defendant RCI Hospitality Holdings Inc. ("RCIHH"), by and through the undersigned counsel, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") respectfully moves the Court to Dismiss the Complaint of plaintiff Yazan Saleh ("Plaintiff" or "Saleh") filed on January 1, 2017, for Lack of Subject Matter Jurisdiction, and to Stay Discovery pursuant to FRCP 26(c) and all matters in this case pending resolution of the instant motion, and as grounds therefore, would state as follows[1]:

## PRELIMINARY STATEMENT

In the absence of any injury whatsoever, Plaintiff commenced the instant action on behalf of himself and a putative class to recover damages for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA") by the defendants.  Plaintiff has not suffered a concrete injury nor has Plaintiff suffered an injury which is actual or imminent.  As such, Plaintiff does not have standing to invoke federal court jurisdiction. Consequently, Plaintiff's Complaint must be dismissed due to lack of subject matter jurisdiction.

Plaintiff's allegations are essentially that on December 27, 2016, he made two small purchases at Tootsie's Cabaret ("Tootsie's" or the "Club"), strangely, using two different credit/debit cards, and that the credit/debit card receipts he was given displayed the first six digits of his credit/debit card numbers. Plaintiff does not allege that the Club's issuance of the receipt caused him to suffer any actual damages or tangible harm. He does not allege that he was a victim of identity theft or credit card fraud or that anyone misused his information.  There is no allegation whatsoever that anyone other than Plaintiff even saw the allegedly non-compliant receipts at issue

---

[1]    In support of this motion, RCIHH submits herewith the Declaration of Jeffrey Kimmel ("Kimmel Decl."), together with the exhibit annexed thereto. A copy of the Complaint (ECF No. 1) is annexed to the Kimmel Decl. as <u>Exhibit A</u>.

in this case. Plaintiff's sole allegation that even remotely relates to an injury is that he was "exposed to an elevated risk of identity theft," which is not enough to support Article III standing and subject matter jurisdiction. It is well settled that "[a] violation of a statute that causes no harm does not trigger a federal case." *Meyers v. Nicolet Rest. Of DePere*, LLC, 843 F.3d 724, 727, n. 2 (7th Cir. 2016), *cert. denied*, No. 16-1113, 2017 WL 1001378 (U.S. June 19, 2017).

As the Supreme Court held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), even in the context of a statutory violation, Article III standing requires a concrete injury. Plaintiff's allegations of a bare technical violation of FACTA, without any concrete harm, do not satisfy the injury in fact requirement of Article III. Therefore, Plaintiff's Complaint must be dismissed in its entirety under FRCP Rule 12(b)(1).

## **FACTS AND PROCEDURAL HISTORY**

On December 27, 2016, Plaintiff allegedly incurred two small credit card charges at Tootsie's and paid for the goods using two different VISA cards. Complaint ¶¶ 29-30. He was given copies of electronically printed receipts, which he claims displayed the last four digits of his credit card as well as the first six digits of his account number. *Id.*, ¶ 30.[2] Four days later, Saleh filed a putative class action, purportedly on behalf of everyone who had been provided with an alleged non-compliant receipt at Tootsie's and also at RCIHH affiliated clubs nationwide. Saleh seeks only statutory damages in this action. *Id.*, ¶¶ 1, 70.

On January 1, 2017, Plaintiff filed the Complaint in the instant action. (ECF. 1) On February 3, 2017, Defendants filed their Answer to the Complaint and Third Party Complaint as

---

[2] Should the Court require copies of the two receipts that form the basis of Plaintiff's claims in this case, which Plaintiff did not attach to the Complaint filed in this action, Defendant will provide such copies to the Court.

against SVCLV, LLC and Freedom Pay. (ECF. 11).  On April 12, 2017, Freedom Pay filed its

Answer to the Third Party Complaint.  (ECF 26).[3]

## ARGUMENT

I.   **BECAUSE PLAINTIFF DOES NOT ALLEGE ANY CONCRETE INJURY IN FACT AND MERELY ALLEGES A BARE PROCEDURAL VIOLATION, PLAINTIFF LACKS ARTICLE III STANDING**

"Standing is a jurisdictional inquiry, and a 'party invoking federal jurisdiction bears the

burden' of establishing that he has standing to sue." *Am. Civil Liberties Union of Fla., Inc. v. Dixie*

*Cty., Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

561 (1992)). "[T]he core component of standing is an essential and unchanging part of the case-

or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560.  "No principle is more

fundamental to the judiciary's proper role in our system of government than the constitutional

limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S.

811, 818 (1997).

As the Supreme Court recently discussed in *Spokeo, Inc. v. Robins*, "[s]tanding to sue is a

doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed

in our case law to ensure that federal courts do not exceed their authority as it has been traditionally

understood. . . . The doctrine limits the category of litigants empowered to maintain a lawsuit in

federal court to seek redress for a legal wrong." 136 S. Ct. at 1547 (citation omitted). Thus,

following *Spokeo*, standing sufficient to maintain an action in federal court requires, *inter alia,*

that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

*Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these

---

[3]      SVCLV, LLC has not yet filed an Answer to the Complaint.

elements." *Id.*

As the Eleventh Circuit has held, the doctrine of standing "serves judicial efficiency by 'prevent[ing] the judicial process from becoming no more than a vehicle for the vindication of the value interests of concerned bystanders.'" *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016), *denying rehearing en banc*, 855 F.3d 1265 (11th Cir. 2017) (citations omitted). The doctrine of standing "improves judicial decision making by assuring that the questions presented to the court are resolved in a concrete factual context. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982). And it ensures that people cannot be intermeddlers trying to protect others who do not want the protection offered." *Nicklaw*, 839 F.3d at 1002 (citation omitted).

## A. <u>THE INJURY-IN-FACT REQUIREMENT</u>

"[I]njury in fact" is "a constitutional requirement," and "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, 136 S. Ct. at 1547-48 (quoting *Raines*, 521 U.S. at 820 n.3).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *Article III standing requires a concrete injury even in the context of a statutory violation*." *Spokeo*, 136 S. Ct. at 1549 (emphasis added).

A plaintiff alleging claims under FACTA is required to establish that he has suffered an

injury in fact that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). A plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549.

Moreover, the Supreme Court has held that, in order to be "imminent," the "threatened injury must be *certainly impending* to constitute injury in fact," and that "'[a]llegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (emphasis in original).  In *Clappe*r, the Supreme Court determined a plaintiff "cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending" and that plaintiffs' theory in the case failed the "certainly impending" test because it "relie[d] on a highly attenuated chain of possibilities." *Id.* at 1143, 1148.

## B. PLAINTIFF FAILS TO ALLEGE THAT THE PRINTING OF THE FIRST SIX DIGITS OF HIS CREDIT CARD NUMBER ON THE RECEIPT CAUSED HIM ANY INJURY IN FACT

### 1. Both Plaintiff's Allegations and Decisions Post-*Spokeo* Addressing This Precise Issue Support Dismissal of Plaintiff's Complaint

Plaintiff does not allege that any violation of FACTA by the Defendants caused him any concrete harm. The majority of courts that have ruled on the issue of whether a violation of FACTA's redaction requirements creates Article III standing, where the plaintiff alleges solely a bare procedural violation of FACTA and nothing more, support dismissal of Plaintiff's Complaint. *See, e.g.*, *Kamal v. J Crew Grp., Inc.*, *Civ.* No. 2:15-0190 (WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016); *Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740 (PAC), 2017 WL 2191605 (S.D.N.Y. May 17, 2017); *Thompson v. Rally House of Kansas City, Inc.*, No. 15–00886–CV–W–GAF, 2016 WL 8136658 (M.D. Mo. Oct. 6,  2016); *Hendrick v. Aramark Corp*., No. 16-4069, 2017 WL 1397241 (E.D. Pa. Apr. 18, 2017); *Stelmachers v. Verifone Systems, Inc.*, No. 5:14-cv-04912-EJD,

2016 WL 6835084 (N.D. Cal. Nov. 21, 2016) (holding that the plaintiff who received a receipt displaying more than the last five digits of his credit card number had no standing because only he had seen the receipt and therefore the risk of identity theft was too speculative to constitute a certainly impending harm); *Everette v. Memphis Light Gas and Water Div.*, No. 16-cv-2810-SHL-tmp, 2017 WL 1830165 (W.D. Tenn. Apr. 18, 2017); *Noble v. Nevada Checker CAB Corp.*, No. 2:15-cv-02322-RCJ-VCF, 2016 WL 4432685, at *3 (D. Nev. Aug. 19, 2016); *Llewellyn v. AZ Compassionate Care, Inc.*, No. CV-16-04181-PHX-DGC, 2017 WL 1437632 (D. Ariz. Apr. 24, 2017).

In *Kamal*, 2016 WL 6133827, the court was presented with the same issue as in this case. The plaintiff complained that he made a purchase at defendant's retail locations, like the allegation here, and he alleges that he was given a receipt containing the last four digits and first six digits of his credit card number.  In granting the defendant's motion to dismiss for lack of subject matter jurisdiction, the court ruled that plaintiff failed to meet the concreteness requirement set forth in *Spokeo* because the plaintiff's allegations did not constitute an injury in fact.  *Kamal*, 2016 WL 6133827, at *4 (holding that "[w]ithout an injury in fact, Plaintiff lacks standing to sue under Article III").

Subsequently, the plaintiff amended his complaint, which the court dismissed in *Kamal v. J. Crew Grp., Inc.*, No. 2:15–0190 (WJM), 2017 WL 2587617 (D.N.J. June 14, 2017).  The court took notice of the fact that the first six digits of a credit card number relate to the issuer of the credit card and the last ten digits relate to the credit card holder's specific account. *Id*. at *3.  "Given these facts, the Court cannot reasonably infer that printing the first six and last four digits of Plaintiff's credit card materially increased the risk of future harm, because doing so 'gives an identity thief no more personal information about a person's account than Congress has permitted

to be printed on receipts.'" *Id.* at *4 (*citing Noble*, 2016 WL 4432685, at *3 (dismissing the complaint for lack of standing and holding that "[e]ven assuming printing the first number plus the last four numbers [of a credit card  number] constitutes a willful, technical violation of the statute … 'because Congress did not prohibit the printing of issuer information on the credit card receipt, there is no possibility that the printing of the first [digit] could have resulted in a risk of harm greater than that prohibited by Congress'")).

Similarly, the plaintiff in *Katz*, 2017 WL 2191605, at *4, also alleged that defendant issued him electronically printed credit card receipts that disclosed the first six digits and last four digits of his credit card number.  The court determined that the complaint contained no "allegations of stolen identity or that a third party had access to the receipt," and set forth a two-part test for determining whether a procedural violation alone constitutes an injury in fact:

> [A] court must inquire (1) whether Congress conferred the procedural right at issue in order to protect a concrete interest of the plaintiff, and (2) whether the violation of the procedure at issue presented a material risk of harm to that interest. A plaintiff may fail to satisfy the second condition when the violation in question could not result in harm to the interest protected by statute either as a general matter…or under the particular circumstances alleged.

*Katz*, 2017 WL 2191605, at *3 (citing *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016) and *Cruper-Weinmann v. Paris Baguette Am., Inc*., No. 13-CV-7013 (JSR), 2017 WL 398657, at *3 (S.D.N.Y. Jan. 30, 2017)).  The court held that plaintiff did not establish a present injury in fact, and thus had no standing, because he did "not allege any facts showing that he experienced the congressionally proscribed harm: identity theft" and did not show that the alleged FACTA "violation presented a 'material risk of harm to [the] underlying interest' of identity theft protection."  *Katz*, 2017 WL 2191605, at *5, *6.

Additionally, in *Thompson*, 2016 WL 8136658, the court dismissed a FACTA complaint on facts and grounds virtually identical to those in the instant action.  The defendant in *Thompson,*

a retail store, provided the plaintiff with an electronic receipt that published both the first six digits, and last four digits of the plaintiff's credit card.  The court, in reliance on *Spokeo*, held that the plaintiff has not sufficiently pled concrete harm.  "Divorced from the statutory violation, plaintiff has not and cannot allege his personal credit card information has been exposed generally or that he faces an imminent risk of identity theft." *Thomspon*, 2016 WL 8136658, at *5.

Moreover, nowhere does FACTA or the Clarification Act (as discussed in I.C., *infra*) contain any prohibition on printing the name of the credit card issuer on an electronically printed credit card receipt.  "The first six digits do not disclose any information about plaintiff, but rather 'identify the institution that issued the card to the card holder.'"  *Katz*, 2017 WL 2191605, at *1 (citation omitted).  The printing of the first six digits of the credit card number, which merely identifies the credit card issuer, in addition to the last four digits could not possibly cause any harm to Plaintiff. *See In re Toys "R" Us - Delaware, Inc. - Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. MDL 08-01980 MMM (FMOx), 2010 WL 5071073 (C.D. Cal. Aug. 17, 2010); *Lopez v. KB Toys Retail, Inc.*, 2:07-00144-JFW (C.D. Cal. July 17, 2007), ECF No. 28; *Noble*, 2016 WL 4432685.

Courts have also employed the same reasoning when addressing whether a plaintiff, who allegedly received a receipt containing her credit card's expiration date in violation of FACTA, sufficiently pleaded that she suffered a legal injury and has standing. In *Meyers*, 843 F.3d 724, the plaintiff alleged that the defendant provided him with a receipt containing his credit card expiration date in violation of FACTA.  The Seventh Circuit concluded that the plaintiff did not suffer injury or an appreciable risk of harm because the plaintiff (like Saleh) immediately discovered the non-compliant receipt and made no allegation that anyone aside from him saw the receipt or that identity theft actually occurred. *Id*. at 727.

Similarly, in *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 77 (2d Cir. 2017), the Court of Appeals for the Second Circuit addressed the issue of whether "a bare procedural violation of a statute constitute[d] an injury in fact sufficient for standing to bring suit in federal court." *Id*. The plaintiff had brought a FACTA class action alleging that she received a receipt at the defendant's restaurant that contained her credit card's expiration date.  The district court, in finding against the plaintiff and dismissing the Amended Complaint with prejudice, explained that "the Amended Complaint's spare account of the circumstances in which plaintiff received an improperly redacted receipt does not include any allegation that any third party ever saw or accessed the receipt." *Cruper-Weinmann v. Paris Baguette Am., Inc.*, 13 Civ. 7013 (JSR), 2017 WL 398657, at *4 (S.D.N.Y. Jan. 30, 2017) *aff'd sub nom. Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76 (2d Cir. 2017). The district court further stated that under such circumstances, it was not apparent how the presence of the full expiration date on the receipt threatened the plaintiff's identity.  Affirming the district court's dismissal of the complaint due to plaintiff's lack of standing, the Second Circuit held that "the key inquiry is whether [the defendant's] alleged bare procedural violation…<u>presents a material risk of harm to the underlying concrete interest Congress sought to protect in passing FACTA</u>." *Crupar-Weinmann*, 861 F.3d at 81 (emphasis added).  Thus, the simple procedural violation of FACTA did not present "a material risk of harm to [the plaintiff]." *Id.*

Plaintiff has not alleged that he sustained an actual injury. His allegations simply are as follows:

- On December 27, 2016, he incurred two charges for services and/or goods at Tootsie's Cabaret in Miami. Complaint ¶ 29;

- He paid for the goods and services using two different VISA cards and the electronically printed receipts he was given displayed the last four digits of his credit card as well as the first six digits of his account number.  Complaint, ¶ 30.

- That he sustained an "elevated risk" of identity theft. Complaint ¶¶ 1,70.

Nowhere in the Complaint does Plaintiff allege that he was the victim of identity theft.  Nor does he allege that the digits of his credit card number were disclosed to, seen by or used by third parties, or that anyone has accessed or attempted to access his credit card information.[4]  In fact, Plaintiff seeks only statutory damages in this action, along with costs and attorneys' fees, and does not allege that he suffered any actual damages as a result of the electronic receipt received from the Club.

Plaintiff's alleged injury, *i.e.,* that he was "exposed to an elevated risk of identity theft," is not a concrete injury but rather an allegation of a speculative *possible* future injury, which is not sufficient to support Article III standing.[5]

## 2.   Eleventh Circuit Authority Compels Dismissal of Plaintiff's Complaint

The Eleventh Circuit's decision in *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016), *rehearing denied*, 855 F.3d 1265 (11th Cir. 2017), which dealt with a bare procedural

---

[4]     The reality is that Plaintiff is a serial plaintiff, and almost certainly made his two small purchases using two different credit cards solely to attempt to establish a case against Defendants. Within the past year, Plaintiff has filed two other cases in this District alleging violations of other consumer related statutes.

[5]     Other decisions involving similar bare allegations of a statutory injury have employed a similar analysis and require that Plaintiff's Complaint be dismissed.  In *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 514 (D.C. Cir. 2016), the plaintiffs alleged that the defendant violated consumer protection statutes by asking for plaintiffs' zip codes, but plaintiffs did not allege any injury caused by the violation, such as "any invasion of privacy, increased risk of fraud or identity theft, or pecuniary or emotional injury," and therefore, the court dismissed the case due to lack of standing.  Similarly, in *Lee v. Verizon Commc'ns.*, Inc., 837 F.3d 523, 529–30 (5th Cir. 2016), *cert. denied sub nom. Pundt v. Verizon Commc'ns, Inc.*, 137 S. Ct. 1374, 197 L. Ed. 2d 568 (2017) the court found there was no standing where the plaintiff alleged breach of a duty under ERISA but no harm caused by the mismanagement of the pension plan.  In addition, in *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930–31 (8th Cir. 2016), the court concluded there was no standing where the plaintiff alleged that the cable company had retained personal information in violation of Cable Communications Policy Act, but the plaintiff did not suffer any harm from the alleged retention of information.  Moreover, the Second Circuit's recent decision in *Strubel*, 842 F.3d 181, also supports dismissal of the Complaint here due to lack of standing.  In *Strubel*, the plaintiff sought statutory damages for violations of the Truth In Lending Act in connection with a credit card agreement with the defendant creditor.  The Second Circuit held that the plaintiff lacked standing on certain claims because she did not suffer any injury as to those claims.  "[I]n the absence of a connection between a procedural violation and a concrete interest, a bare violation of the former does not manifest injury in fact." *Id.* at 189.

violation of a statute, mandates dismissal here. In *Nicklaw*, the plaintiff filed a putative class action alleging that Citimortgage violated a statute requiring that certificates of discharge of a mortgage be filed with the county clerk within 30 days of the mortgage being satisfied. The issue before the court was whether the intangible harm caused by the defendant's delay in recording the certificate of discharge constituted an injury in fact to the plaintiff. The Eleventh Circuit rejected the plaintiff's argument that he suffered a concrete injury from the defendant's failure to record the certificate of discharge in a timely manner, and reiterated that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1002 (citing *Spokeo*, 136 S. Ct. at 1549). Concluding that the plaintiff "allege[d] neither a harm nor a material risk of harm that the district court could remedy," the Eleventh Circuit held that the plaintiff lacked standing to sue. *Id.* at 1003.

Here like in *Nicklaw*, Plaintiff "allege[d] neither a harm nor a material risk of harm that the district court could remedy." *See Id.*  He does not allege that he was a victim of identity theft, that his personal information was stolen or that his personal information was ever seen by a third party. His mere allegation that he was exposed to an elevated risk of identity theft is unsubstantiated by any specific factual allegations of harm and therefore, as the Eleventh Circuit ruled in *Nicklaw*, the plaintiff has not sustained a concrete injury and does not have standing to sue.

The few district court decisions in this Circuit that have held that a plaintiff who asserted a bare procedural violation has standing are on "the minority side of this split [of lower courts]."[6] These decisions, such as *Wood v. J Choo USA, Inc.*, 201 F. Supp. 3d 1332 (S.D. Fla. 2016) and *Guarisma v. Microsoft, Corp.*, 209 F. Supp. 3d 1261 (S.D. Fla. 2016), rely on outdated law and an unpublished decision that has no precedential value.  *Wood* and *Guarisma*, both relying on a pre-

---

[6]      *Llewellyn*, 2017 WL 1437632, at *3.

*Spokeo* decision, *Hammer v. Sam's E, Inc.*, 754 F.3d 492, 298-99 (8th Cir. 2014), found that in enacting FACTA, Congress created a substantive right for an individual to have his personal credit card information truncated on printed receipts.  *Wood*, 201 F. Supp. 3d at 1337-8; *Guarisma*, 209 F. Supp. 3d at 1265-66.  However, the decision in *Hammer* was subsequently abrogated following the Supreme Court's decision in *Spokeo. See Braitberg*, 836 F.3d at 930 ("in *Spokeo*, … the Supreme Court rejected this absolute view and superseded our precedent in *Hammer*.") In *Braitberg*, the plaintiff contended that a violation of a statutory right constituted an injury in fact that is sufficient by itself to establish standing under Article III. *Id.*  The Eighth Circuit however concluded that the plaintiff lacked Article III standing and affirmed the district court's dismissal of the action.  Judge Gayles, in *Zia v. Citimortgage*, 210 F. Supp. 3d 1334 (S.D. Fla. 2016), adopted the reasoning in *Braitberg* in dismissing a plaintiff's complaint for lack of standing, holding that the plaintiff's "contention that the existence of the statute and the fact of the violation itself makes his alleged injury concrete is simply not enough." *Zia*, 210 F. Supp. 3d at 1344.

*Guarisma*, 209 F. Supp. 3d 1261 and *Wood*, 201 F. Supp. 3d 1332 should also not be followed because they rely on the unpublished decision in *Church v. Accretive Health, Inc*., 654 F. App'x 990 (11th Cir. 2016), which is inapposite.[7]  In *Church*, the plaintiff claimed, under the Fair Debt Collection Practices Act (FDCPA), that the defendant failed to provide certain disclosures in a debt collection letter.  *Church* is irrelevant because the facts and the nature of the violation at issue differ from the case at bar. The plaintiff in *Church*, unlike here, sought to enforce a statutory disclosure requirement, and courts have held that the violation of a statutory right to

---

[7]     *Wood* relies entirely on the reasoning of *Guarisma* and *Altman v. White House Black Market, Inc*., No. 1:15–cv–02451–SCJ, 2016 WL 3946780 (N.D. Ga. Jul. 13, 2016) without any additional analysis and therefore provides no additional support.  The case of *Flaum v. Doctor's Associates, Inc*., 204 F. Supp. 3d 1337, (S.D. Fla. Aug. 29, 2016) also provides no support as its analysis is the same as in *Guarisma*. Similarly, *Bouton v. Ocean Properties, Ltd.,* 201 F. Supp. 3d 1341 (S.D. Fla. 2016), decided by the same judge as *Guarisma,* relies entirely on the reasoning of *Guarisma*, which relies on outdated and unpublished caselaw.

receive information is a concrete injury. *Church*, 654 F. App'x 990; *see also Zia*, 210 F. Supp. 3d at 1342 (discussing that *Church* is a case "involving… 'informational standing,' where a plaintiff has standing because he seeks to enforce a statutory disclosure requirement" and distinguishing *Zia* because the plaintiff "Zia was not entitled to receive any information from the [d]efendants").[8] *See Zia*, 210 F. Supp. 3d at 1343. The reasoning in *Church* was also rejected in the Eleventh Circuit's published decision in *Nicklaw*. *See Lyshe v. Levy*, 854 F.3d 855, 860 (6th Cir. 2017) criticizing *Church* and finding the Eleventh Circuit's reasoning in *Nicklaw*, 839 F. 3d 998, "persuasive and more in line with *Spokeo's* guidance"; *Abercrombie v. Rogers, Carter & Payne, LLC*, No. 15-2214, 2016 WL 8201965, *5, n.4 (W.D. La. Nov. 22, 2016); *Llewelyn*, 2017 WL 1437632, at *3 n.2 (*Nicklaw*, 839 F.3d 998 "calls into question the continuing validity of *Wood*, *Altman* and *Guarisma*, which relied on *Church*").

### 3.   The Clarification Act to FACTA Supports Dismissal of the Complaint

In 2008, the Fair Credit Reporting Act was amended by the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act"). The Clarification Act provides as follows:

> The purpose of this Act is to ensure that consumers suffering from <u>any actual harm</u> to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers.

*See* Pub. L. No. 110-241 (June 3, 2008)(emphasis added). Not only does the Clarification Act itself support that actual harm is necessary to pursue a FACTA claim, cases discussing the Clarification Act also support dismissal here. *See Kamal*, 2017 WL 2587617, at *4 ("While Congress undoubtedly hoped that FACTA would reduce identify theft, it does not follow that Congress contemplated private actions by individuals who have not sustained any actual harm."); *see also*

---

[8]   Plaintiff in this case is asserting a bare procedural violation.  In any event, irrespective of whether the right at issue is substantive or procedural, the alleged violation must be accompanied by an injury in fact, which is not present here. *Meyers*, 843 F.3d 724.

*Meyers*, 843 F.3d 724.  Moreover, in *Harris v. Wal-Mart Stores, Inc.*, No. 07 C 02561, 2008 WL 5085132 (N.D. Ill. Nov. 25, 3008), the court stated that "Congress made clear that its purpose in enacting the Clarification Act and amending § 1681n was to allow claims as a result of actual harm to one's credit or identity and to dispense with claims where no actual harm is sustained."  *Id.* at *2.  Thus, where no actual harm is alleged, like here, there is no concrete injury and thus, no subject matter jurisdiction.

> **4.   Decisions Involving Similar Allegations of an Elevated Risk of Identity Theft Without Actual Harm Support Dismissal Due to Lack of Standing**

Plaintiff's alleged injury, *i.e.,* that he was "exposed to an elevated risk of identity theft," is an allegation of a *possible* future injury and is not sufficient to support Article III standing, *See Clapper*, 133 S. Ct. 1138.  This Court's decision in *Case v. Miami Beach Healthcare Grp., Ltd.*, 166 F. Supp. 3d 1315 (S.D. Fla. Feb. 26, 2016) involved the issue of whether speculative identity theft was sufficient to establish standing.   In *Case*, the plaintiff provided the defendant hospital with sensitive personal information as part of the hospital admission process, including her name, date of birth and certain protected health information. It was later discovered that an employee had gained unauthorized access to the patient database, including the plaintiff's personal information. *Id*. at *1.  The court determined that the plaintiff did not have standing to pursue her claims because she did not suffer an injury in fact that was concrete, and actual or imminent, as opposed to conjectural or hypothetical, and dismissed the plaintiff's complaint. *Id*. at *2, *3.  There was no allegation in the plaintiff's complaint that her information was actually misused, or that she suffered any type of harm, from the unauthorized access of her information.  Her allegation, merely that the defendants breached their contractual obligation to protect her sensitive information, was not sufficient to establish standing. *Id.*

Similarly, in *Torres v. Wendy's*, 195 F. Supp. 3d 1278 (M.D. Fla. 2015), the plaintiff alleged that the defendant Wendy's failed to adequately secure his, and others, financial information, and that hackers gained access to the Wendy's computer system and stole personal information of customers. Shortly thereafter the plaintiff learned that his debit card, which he had used at Wendy's, was used to make illicit purchases. The plaintiff contended that "he is at risk of 'imminent and certainly impending injury flowing from potential fraud and identity theft' by virtue of having his personal information stolen." *Id.* at 1283. The court held that the plaintiff did not have standing because the "Plaintiff's alleged harm is highly speculative based on the facts and the asserted injuries do not appear 'certainly impending' under *Clapper." Torres*, 195 F. Supp. 3d at 1285.

Here, like in *Case*, Plaintiff "did not allege that any of her sensitive information was misused, or that she suffered any negative consequences." 166 F. Supp. 3d at 1319; *see also Torres*, 195 F. Supp. 3d at 1285. While Plaintiff conclusorily alleges in the Complaint that he was subject to an increased risk of harm, he has not alleged any facts to support such an allegation. The mere possibility that a receipt, which was not disclosed to anyone, can be used by a criminal to commit identity theft, does not constitute harm. Consequently, Plaintiff's bald allegations that he is exposed to an elevated risk of identity theft do not "entail a degree of risk sufficient to meet the concreteness requirement." *Spokeo*, 136 S. Ct. at 1543.

## II.  DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

Defendant respectfully requests that this Court stay discovery and all other matters in this case pending the outcome of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant believes that its Motion to Dismiss is dispositive of all of Plaintiff's claims and the entire action in this Court.

Federal courts must necessarily decide the issue of subject matter jurisdiction before any consideration of the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-98 (1998).  A stay of discovery may be warranted when a pending dispositive motion will dispose of the entire case and thereby eliminate the need for discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). "While the Court has not yet ruled on the motion to dismiss, a short stay of discovery is appropriate because the motion raises threshold legal issues that may dispose of Plaintiff's claim in its entirety." *Pierce v. State Farm*, No.: 14-22691-CIV-WILLIAMS, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014).

Courts in this district have held that "[a] stay of discovery is appropriate where the movant shows 'good cause and reasonableness.'" *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622 (S.D. Fla. Sept. 3, 2010) (citation omitted). "[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Varga*, 2010 WL 8510622 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003); *see also McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla 2006).

Here, a short stay of discovery and all other matters in this case pending resolution of the instant motion is necessary and appropriate given that the instant motion not only seeks to dispose of the entire action, but goes to the Court's jurisdiction to hear Plaintiff's claims. *See Varga*, 2010 WL 8510622 ("The venue and standing issues are threshold legal issues that are case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised."). A stay is further warranted given the expansive nature of Plaintiff's discovery requests, as the granting of the instant motion to dismiss would dispose of the entire case and eliminate the

need for such discovery.  Moreover, a stay of discovery is reasonable as there would be no prejudice to Plaintiff to stay discovery while this case dispositive motion is decided.

<u>**CONCLUSION**</u>

For all the reasons set forth above, and in the accompanying Kimmel Declaration, and the exhibit annexed thereto, the Court should dismiss the proceedings due to lack of subject matter jurisdiction and lack of standing, and stay discovery pending the resolution of this motion, and award such other and further relief as this Court deems just and proper.

Dated: New York, New York
          July 27, 2017                                    Respectfully Submitted,


                                                          **MEISTER SEELIG & FEIN, LLP**
                                              By:    /s/ Jeffrey A. Kimmel
                                                          **Jeffrey A. Kimmel, Esq.**
                                                          **(Of Counsel-*admitted pro hac vice*)**
                                                          **Racquel C. Weintraub, Esq.**
                                                          **(Of Counsel-*admitted pro hac vice*)**
                                                          **Paul J. Rutigliano, Esq.**
                                                          **(Of Counsel-*admitted pro hac vice*)**
                                                          **Attorneys for the Defendants**
                                                          **125 Park Avenue, 7th Floor**
                                                          **New York, New York 10017**
                                                          **Tel (212) 655-3500**
                                                          **Fax (212) 655-3535**


                                              By:    /s/Luke Lirot
                                                          **LUKE LIROT, ESQ.**
                                                          **Florida Bar No. 714836**
                                                          **LUKE CHARLES LIROT, P.A.**
                                                          **2240 Belleair Road, Suite 190,**
                                                          **Clearwater, Florida 33764**
                                                          **Tel: (727) 536-2100**
                                                          **Fax: (727) 536-2110**
                                                          Email: luke2@lirotlaw.com
                                                          Secondary Email:  jimmy@lirotlaw.com
                                                          Secondary Email:  justin@lirotlaw.com
                                                          *Attorneys for Defendant RCI*
                                                          *Hospitality Holdings Inc.*

## CERTIFICATE OF GOOD FATIH CONFERENCE;
## CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned counsel for the movant-Defendant has conferred with Scott D. Owens, Esq., counsel for Plaintiff in a good faith effort to resolve the issues raised herein.  As no agreement could be reached, this motion is presented to the Court for determination.


/s/ Jeffrey A. Kimmel_____
Jeffrey A. Kimmel
*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via ECF on this July 27, 2017, to the service list below.


 /s/ Luke Lirot_____
**LUKE LIROT, ESQ.**
**Florida Bar No. 714836**

**Service List**

By: /s/ *Scott D. Owens*_____
Scott D. Owens, Esq.
Florida Bar No. 0597651
SCOTT D. OWENS, P.A. 3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

Jibrael S. Hindi, Esq.
THE LAW OFFICE OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
jibrael@jibraellaw.com

BRET L. LUSSKIN, Esq.
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste. 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

*Attorneys for Plaintiff*