**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:  1:17-20001-CIV-MARTINEZ-GOODMAN**

YAZAN SALEH, individually and on behalf
of all others similarly situated,

       Plaintiff,

v.

MIAMI GARDENS SQUARE ONE, INC.
D/B/A TOOTSIE'S CABARET,
a Florida corporation, and RCI
HOSPITALITY HOLDINGS, INC., a Texas
Corporation,

       Defendants.
_____/

MIAMI GARDENS SQUARE ONE, INC.
D/B/A TOOTSIE'S CABARET,
a Florida corporation, and RCI
HOSPITALITY HOLDINGS, INC., a Texas
Corporation,

       Defendants/Counter-Plaintiffs,

v.

SVCLV, LLC, an Idaho Limited Liability
Company, and FREEDOMPAY INC., a
Pennsylvania Corporation,

       Counter-Defendants.
_____/

**DEFENDANT, RCI HOSPITALITY HOLDINGS, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant/Counter-Plaintiff, RCI Hospitality Holdings, Inc. ("RCIHH"), provides as

supplemental authority the September 27, 2017 decision in *Gesten v. Burger King Corp. d/b/a*

*Burger King*, No. 17-cv-22541-RNS (S.D. Fla. Sept. 27, 2017) (copy attached as Exhibit **A**).

The decision is directly relevant to the Court's review of the following pending matters:

(1) *Defendant RCI Hospitality Holdings, Inc.'s Motion to Dismiss, Pursuant to FRCP 12(b)(1), For Lack of Subject Matter Jurisdiction and Motion to Stay With Incorporated Memorandum of Law* (ECF No. 52; "Motion to Dismiss);

(2) *Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification* (ECF No. 77; "Class Opposition"); and

(3) *Defendant RCI Hospitality Holdings, Inc.'s Objections to Magistrate's Post-Discovery Hearing Administrative Order* (ECF No. 49; "Discovery Objections").

In *Gesten*, Judge Scola dismissed, for lack of subject matter jurisdiction and Article III standing, the plaintiff's complaint, which alleged that the defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g) by printing the first six digits of the plaintiff's credit card number, along with the last four digits on the receipt.  This is precisely the same claim brought by the plaintiff, Yazan Saleh ("Plaintiff"), who alleges the exact same violation in this action.  *See Class Action Complaint for Violations of the Fair and Accurate Credit Transactions Act (FACTA)* (ECF No. 1; "Complaint") at ¶¶ 1, 30.

The Court in *Gesten* granted the defendant's motion to dismiss for lack of subject matter jurisdiction and held that the printing of the first six digits of plaintiff's debit/credit card number did not constitute an "injury in fact" sufficient to support Article III standing.  The plaintiff in *Gesten* alleged that he was subject to a heightened risk of identity theft as a result of the printed receipt containing the first six digits of his credit card, and did not allege that any third party, aside from the defendant's employees, saw his receipts.  In response to this risk theory of injury, the Court held that:

> [the plaintiff] has not shown that any disclosure of his private information actually occurred. Since Gesten took possession of the receipt at the time of the transaction… the 'heightened risk of identity theft' alleged in the Complaint is a risk that has not, and could not, materialize in this instance.

*Gesten* (Exh. A), at 9.

The Court further noted that Gesten did not "allege[] that any additional private financial information was displayed beyond that included in the last five digits of his credit card account number, nor [did] he allege[] that such information was disclosed to anyone other than the employees who handled his transaction."  *Id.* at 10.  The Court held that "[t]he additional digits of [plaintiff's] account number that were displayed are digits that multiple courts have recognized identify only the issuer of the card."  *Id.*  Thus, the Court considered the printing of the first six digits to be a "technical violation of FACTA" and agreed with the majority of decisions addressing this issue, as well as the Northern District of California's observation that "[i]dentity theft does not become certainly impending through a procedural violation of FACTA…"  *Id.* at 8 (quoting *Stelmachers v. Verifone Sys. Inc.*, No. 5:14-cv-04912-EJD, 2017 WL 3968871, at *4 (C.D. Cal. Sept. 7, 2017)).

Finally, the Court examined the legislative history of FACTA and did "not find that th[e] legislative history demonstrates an intent to create a right of recovery in every case in which FACTA is violated, regardless of whether a consumer's private financial information is actually exposed."  *See Gesten*, at 8.  The Court also held that the "conclusion of district courts in this circuit that the violation of a substantive right created by Congress is sufficient on its own to confer standing on a plaintiff is contrary to the holding of *Spokeo*."  *See id.* at 6.

In this case, like *Gesten*, the sole alleged violation is the printing of the first six digits of the Plaintiff's credit card number.  Accordingly, RCIHH submits the *Gesten* decision as supplemental authority supporting its Motion to Dismiss, Class Opposition, and Discovery Objections.

Date:  September 28, 2017                Respectfully submitted,

**AKERMAN LLP**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

By: /s/ Stacy J. Rodriguez
   Jason S. Oletsky, Esq.
   Florida Bar No. 0009301
   Email:  jason.oletsky@akerman.com
   Stacy Rodriguez, Esq.
   Florida Bar No. 44109
   Email:  stacy.rodriguez@akerman.com

*Co-Counsel for Defendant/Counter-*
*Plaintiff, RCI Hospitality Holdings, Inc.*

**MEISTER SEELIG & FEIN, LLP**
Jeffrey A. Kimmel, Esq. (Admitted *Pro Hac Vice*)
Racquel C. Weintraub, Esq. (Admitted *Pro Hac Vice*)
Paul J. Rutigliano, Esq. (Admitted *Pro Hac Vice*)
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3535

*Counsel for Defendant/Counter-*
*Plaintiff, RCI Hospitality Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **28th** day of September, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**SCOTT D. OWENS, P.A.**
Scott D. Owens, Esq.
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
Email: scott@scottdowens.com

**THE LAW OFFICE OF JIBRAEL S. HINDI, PLLC**
Jibrael S. Hindi, Esq.
110 SE 6th Street
Ft. Lauderdale, FL  33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
Email: jibrael@jibraellaw.com

**BRET LUSSKIN, P.A.**
Bret L. Lusskin, Esq.
20803 Biscayne Blvd., Suite 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
Email: blusskin@lusskinlaw.com

*Attorneys for Plaintiff*

By: /s/ Stacy J. Rodriguez
    Attorney