UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-20001-CIV-MARTINEZ-GOODMAN

YAZAN SALEH, individually and on
Behalf of all others similarly situated,

  Plaintiff,

v.

MIAMI GARDENS SQUARE ONE, INC.
d/b/a TOOTSIE'S CABARET, a Florida
corporation, and RCI HOSPITALITY
HOLDINGS, INC., a Texas corporation,

  Defendants,
_____/

MIAMI GARDENS SQUARE ONE, INC.
d/b/a TOOTSIE'S CABARET, a Florida
corporation, and RCI HOSPITALITY
HOLDINGS, INC., a Texas corporation,

  Defendants/Counter-Plaintiffs,

v.

SVCLV, LLC, an Idaho Limited Liability
Company, and FREEDOMPAY INC., a
Pennsylvania Corporation,

  Counter-Defendants,
_____/

**DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S OPPOSITION
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits the report and recommendation of Magistrate Judge Robert C. Mitchell in *Gennock, et al v. Kirkland's Inc.*, No. 2:17-cv-00454 (W.D. Pa. Nov. 29, 2017) (ECF No. 25) (the "Report and Recommendation"), as supplemental authority in connection with his opposition to defendant RCI Hospitality Holding, Inc.'s ("RCIHH") Motion to Dismiss (ECF No. 52).

43678564;1

Because *Gennock* is not controlling in this District and because the analysis therein is flawed, RCIHH opposes Plaintiff's Supplemental Authority. Moreover, the defendant's counsel in *Gennock* has filed objections to the Report and Recommendation (ECF No. 26).

The Report and Recommendation misapplies *Spokeo* and erroneously relies on two Third Circuit decisions, *Horizon Healthcare Servs., Inc. Data Breach Litig.*, 846 F.3d 625 (3d Cir. 2017) and *Susinno v. Work Out World, Inc.*, 862 F. 3d 346, 351 (3d Cir. 2017), neither of which is on point or controlling in this District. Under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1549. The Report and Recommendation in *Gennock* did not properly assess whether the complaint at issue satisfied the concreteness requirement of Article III.

Neither *Horizon Healthcare Servs.* nor *Susinno* involved claimed violations under the Fair and Accurate Credit Transactions Act ("FACTA"). In both *Horizon Healthcare Servs.* and *Susinno,* alleging violations of the Fair Credit Reporting Act ("FCRA") and the Telephone Consumer Protection Act ("TCPA"), respectively, the Third Circuit determined that the alleged statutory violation at issue was not a technical or procedural violation and thus concluded that the plaintiffs there had standing to sue.

Moreover, the Report and Recommendation in *Gennock* concluded that the plaintiffs had standing, without assessing whether the plaintiff suffered a concrete injury, simply because the Third Circuit found standing in *Horizon* and *Sussino*. Magistrate Judge Mitchell in *Gennock* heavily relied on these Third Circuit decisions, and predicted that the Third Circuit would rule in the same manner in connection with the allegations in *Gennock*. In addition, unlike *Horizon* and *Susinno*, which involved privacy related rights, here, there is no injury whatsoever, as Plaintiff has

not alleged that he was a victim of credit card identity theft or fraud or that any third party saw the receipts at issue.

Not only did these Third Circuit rulings not involve FACTA, they are contrary to rulings from the Second and Seventh Circuits that have dismissed complaints alleging analogous FACTA violations, as in the instant action, due to lack of standing. *See Katz v. Donna Karen Co.*, *LLC*, 872 F. 3d 114 (2d Cir. 2017); *Meyers v. Nicolet Rest. of de Pere, LLC*, 843 F. 3d 724 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 2267 (2017). Moreover, in *Gesten v. Burger King Corp. d/b/a Burger King*, No. 17-cv-22541-RNS, 2017 WL 4326101, *3 (S.D. Fla. Sept. 27, 2017), Judge Scola dismissed a complaint alleging FACTA violations due to lack of standing and held that the printing of the first six digits on the receipt was a "technical violation of FACTA" and did not constitute an "injury in fact" sufficient to support Article III standing. Numerous other district court cases have dismissed FACTA cases for lack of standing since *Spokeo,* because the plaintiff did not establish that he/she sustained a concrete injury. *See, e.g.*, *Kamal v. J Crew Grp., Inc.*, No. 2:15-0190 (WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016); *Thompson v. Rally House of Kansas City*, *Inc.*, No. 15–00886–CV–W–GAF, 2016 WL 8136658 (M.D. Mo. Oct. 6, 2016); *Hendrick v. Aramark Corp.*, No. 16-4069, 2017 WL 1397241 (E.D. Pa. Apr. 18, 2017); *Stelmachers v. Verifone Systems, Inc.*, No. 5:14-cv-04912-EJD, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016); *Everette v. Memphis Light Gas and Water Div.*, No. 16-cv-2810-SHLtmp, 2017 WL 1830165 (W.D. Tenn. Apr. 18, 2017); *Noble v. Nevada Checker CAB Corp.*, No. 2:15-cv-02322-RCJ-VCF, 2016 WL 4432685, at *3 (D. Nev. Aug. 19, 2016); *Llewellyn v. AZ Compassionate Care, Inc*., No. CV-16-04181-PHX-DGC, 2017 WL 1437632 (D. Ariz. Apr. 24, 2017).

For the aforementioned reasons, RCIHH respectfully requests that the Court disregard Plaintiff's Notice of Supplemental Authority in its entirety.

Case No: 1:17-20001-CIV-MARTINEZ-GOODMAN

Dated: New York, New York
December 22, 2017

Respectfully Submitted,

By: */s/ Jeffrey A. Kimmel*
    **MEISTER SEELIG & FEIN LLP**
    Jeffrey A. Kimmel, Esq.
    (Of Counsel – admitted *pro hac vice*)
    Racquel C. Weintraub, Esq.
    (Of Counsel – admitted *pro hac vice*)
    Paul J. Rutigliano, Esq.
    (Of Counsel – admitted *pro hac vice*)
    125 Park Avenue, 7th Floor
    New York, New York 10017
    Tel: (212) 655-3500
    Fax: (212) 655-3535
    Email: jak@msf-law.com
          rcw@msf-law.com
          pjr@msf-law.com

By: */s/ Stacy J. Rodriguez*
    **AKERMAN, LLP**
    Jason S. Oletsky, Esq.
    Florida Bar No. 009301
    Stacy Rodriguez, Esq.
    Florida Bar No. 4410
    350 E. Las Olas Blvd., Suite 1600
    Fort Lauderdale, Florida 33301
    Tel: (954) 463-2700
    Email: jason.oletsky@akerman.com
           stacy.rodriguez@akerman.com

*Attorneys for Defendant*,
RCI Hospitality Holdings, Inc.

43678564;1

Case No: 1:17-20001-CIV-MARTINEZ-GOODMAN

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will be served on all parties and counsel of record via the CM/ECF system.

/s/ Stacy J. Rodriguez

43678564;1